**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE O.CRUZ,

    Plaintiff,

vs.                                              Case No. 3:12-cv-283-J-32TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This case is before the court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act. (Doc. 31). Based upon the unopposed motion, the supporting itemization, and the Court's independent review, the Court makes the following legal and factual findings:

(1)  Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party." Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). The Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000.00 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. § 2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2)  The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost

of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1). There is no contention here that the claimed fee would exceed that amount.

(3) The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $183.66 for time spent in 2012.

(4) Plaintiff seeks an award based on 23.70 hours of attorney time. Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.

(5) The Court finds that $4,352.74 ($183.66 x 23.70 hours in 2012) is a reasonable fee in this case (plaintiff did not seek recovery of his costs).

(6) By agreement of the parties, the government will pay the fees directly to plaintiff's counsel if the U.S. Department of Treasury determines that plaintiff does not owe a federal debt.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Attorney's Fees (Doc. 31) is **GRANTED** and the Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of **$4,352.74** in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of October, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

BC
Copies to:
Counsel of Record